(September 8, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AGRIMALDY TOLEDO, Appellant. [616 NYS2d 373] —Judgment, Supreme Court, New York County (Edward Sheridan, J.),

rendered February 25, 1992, convicting defendant, after a jury trial, of attempted burglary in the second degree and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to an aggregate term of 3 to 6 years, unanimously affirmed.

A potential juror had been questioned in defendant's absence regarding his knowledge of a police witness *(People v Sloan,* 79 NY2d 386). Since the prospective juror was excused from service on the panel, no prejudice resulted from defendant's absence during this inquiry *(People v Perez,* 196 AD2d 781).

Contrary to defendant's additional argument, the court did not abuse its discretion in admitting defendant's volunteered post-arrest statement offering a police officer drug-related information if the officer "got rid of the burglar's tools," as this statement is probative of defendant's consciousness of guilt. Redaction of the reference to drugs would have rendered the remaining portion of defendant's statement incredible. Finally, defendant's argument that the court improperly marshalled the evidence in its identification charge is unpreserved (CPL 470.05 [2]) and, in any event, meritless.

Defendant's recent allegations to the effect that his conviction rests upon possible perjured testimony of police officers of the 30th precinct would be more appropriately presented in a motion pursuant to CPL 440.10. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.